**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROGER LEE WYATT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:08-CV-568-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A.      NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.      PARTIES**

Petitioner Roger Lee Wyatt, TDCJ-ID #427786, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C.  PROCEDURAL HISTORY

Wyatt is serving a 99-year sentence for his 1986 murder conviction in the 297th District Court in Tarrant County, Texas.  (Petition at 2)  On July 18, 2008, Wyatt filed a state habeas application complaining, as he does now, that TDCJ has denied his release to mandatory supervision in violation of state law applicable to his case and his rights under the Ex Post Facto Clause.  According to Wyatt, a 99-year sentence is equivalent to 60 years and an inmate is eligible for mandatory supervision release when he has served 20 calendar years.  (Pet'r Memorandum at 1)  He asserts that because he has served over 23 calendar years as of September 2008, he should have been released to mandatory supervision in 2005.  (*Id*. at 1-2)  Wyatt's state habeas application was denied by the Texas Court of Criminal Appeals without written order on August 13, 2008.  *See Ex parte Wyatt*, State Habeas Appl. No. WR-70,409-01.  The instant petition was filed on September 15, 2008.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Quarterman has filed a motion to dismiss the petition on the grounds that it presents a non-justiciable claim or, in the alternative, because it is time-barred.  (Resp't Motion to Dismiss 1-5)

## D.  CASE OR CONTROVERSY

Quarterman claims Wyatt lacks standing to bring the petition because he is not yet eligible for mandatory supervision release and, thus, has not suffered an injury in fact to satisfy the case-or-controversy requirement of Article III of the Constitution.  (Resp't Mtn. to Dismiss at 1-2)  Under the circumstances of this case, a petitioner challenging the execution of his sentence and not the underlying conviction must show a concrete and continuing injury that flows from a delay in his release.  *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998).  In other words, a petitioner must show that the denial of his release to mandatory supervision and the application of the mandatory-supervision

statute in effect when he committed his offense will cause or are still causing him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. *United States v. Clark,* 193 F.3d 845, 847 (5th Cir. 1999).

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Thus, any right must arise under state law. Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). Senate Bill 152, codified as former article 42.12, § 15(c) of the Texas Code of Criminal Procedure, in effect at the time of Wyatt's current offense, provided, in relevant part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927-28 (current version at TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2004)). This statute creates, as a matter of constitutional due process, an expectancy of early release to those inmates whose calendar time combined with good time credits equal the sentence imposed. *See Malchi v. Thaler*, 211 F.3d 953m, 957-58 (5th Cir. 2000). Wyatt's calendar time combined with his good time credits does not yet equal 99 years. (Resp't Appendix B) Accordingly, Quarterman's argument, *albeit* a novel one, may have merit. Nevertheless, it is not necessary to decide the issue as Wyatt's petition is time-barred.

## E.    STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, namely, the date on which Wyatt could have discovered, through the exercise of due diligence, the factual predicate of his claim.  Typically, in this context, the factual predicate of such claims is discoverable at the time of a petitioner's conviction because, under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed.  *See Ex parte Hall*, 995 S.W.2d at 152.  Arguably, Wyatt could have discovered, through the exercise of due diligence, the legal if not the factual basis of his claim on that date.  However, according him greater latitude, Wyatt could have discovered, through the exercise of due diligence, the factual basis of his claim on September 21, 2005, when he had served

twenty years calendar time on his sentence and was not released on mandatory supervision. (Resp't Appendix B) Accordingly, the one-year statute of limitations began to run on that date and expired one year later on September 21, 2006, absent any applicable tolling.

Wyatt's state habeas application, filed after limitations had already expired, does not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Wyatt alleged and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing circumstances warranting equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Wyatt attempts to implicate § 2244(d)(1)(B) or justify equitable tolling of the limitations period by asserting that he was unaware of his entitlement to mandatory supervision release and was not given notice by TDCJ, as was its duty, that he was eligible for release or given a hearing. (Pet'r Reply at 3) Receiving no such notice or hearing, he asserts the state's silence resulted in a deprivation of his constitutional right to release. (*Id*. at 4-5) However, Wyatt is not yet eligible for mandatory supervision release, and any such duty on the part of TDCJ has not yet accrued. Thus, this argument has no basis in law or fact.

Wyatt's petition was due on or before September 21, 2006; thus, his petition filed on September 15, 2008, is untimely.

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED to the extent Wyatt's petition for writ of habeas corpus should be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 30, 2009. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 30, 2009, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if

objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 9, 2009.

_____/s/    Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE